Filed 9/10/15  Southwest Guaranty Investors v. Breakfront CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SOUTHWEST GUARANTY INVESTORS, LTD, et al., | B255711 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BS145018) |
| v. | |
| BREAKFRONT, LLC, et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Reversed.

Law Offices of Thomas J. Weiss, Thomas J. Weiss, Lindsay K. Seltzer for Defendants and Appellants.

Pepper Hamilton, Jeffery M. Goldman, Kevin A. Crisp for Plaintiffs and Respondents.

_____

In prior proceedings, a Texas trial court entered judgment in favor of Southwest Guaranty Investors Ltd. and A. Kelly Williams (collectively Southwest) and against Breakfront LLC, Golden Oak Partners, and Mark Slotkin (collectively Breakfront). Soon after, the parties entered into a settlement agreement in which Southwest agreed, for consideration, not to enforce the Texas judgment.

Two years later, contending Breakfront breached the agreement, Southwest applied for entry of the Texas judgment in California, which the Los Angeles Superior Court granted pursuant to the Sister State and Foreign Money-Judgments Act (the Sister State Act). (Code Civ. Proc., § 1710.10 et seq.) Breakfront moved to vacate the California judgment, contending the Texas judgment had been discharged by an accord and satisfaction. The trial court denied the motion. Breakfront appeals from the order denying its motion to vacate the judgment.

On July 27, 2015, after oral argument and submission of the matter, Southwest apparently obtained a new judgment in Texas, one that supersedes the original judgment and also, consequently, the California judgment based on it.[1] That being the case, the California judgment must be vacated.

---

[1] We take judicial notice of the judgment in the matter of *Breakfront, LLC, et al. v. Southwest Guaranty Investors, Ltd.* (81st/218th Judicial District, Atascosa County, TX, 2015, No. 14-04-0331-CVA).

## DISPOSITION

The order denying Breakfront's motion to vacate the judgment entered pursuant to the Sister State and Foreign Money – Judgments Act is reversed. The clerk of the superior court is ordered to enter a new order vacating the judgment without prejudice to Southwest applying for entry of a new California judgment. Both sides are to bear their own costs on appeal.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

MOOR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.